**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-61151-STRAUSS**

**JAMES BARTOLO DUMAN,**

    Plaintiff,

v.

**CHRISTOPHER WIGAND,**

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation. I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court. For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED** and that all pending motions be **denied as moot**.

Plaintiff filed his Complaint against Defendant on June 9, 2025, [DE 1], and subsequently moved to proceed *in forma pauperis*, [DE 3]. The Complaint identifies Defendant as a Broward County Circuit Court Judge. [DE 1] at 1. Plaintiff alleges Defendant, while presiding over Plaintiff's case in Florida state court regarding a child custody dispute, incorrectly entered an injunction against him. *See* [DE 1] at 2–4. Plaintiff requests that the Court "get involved [and] see the errors." *Id.* at 2.

Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) apply. Under 28 U.S.C. § 1915, if a court determines that the case is frivolous

or fails to state a claim on which relief may be granted, then the court "shall dismiss the case at any time." 28 U.S.C. § 1915(e).  Although Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a plaintiff is proceeding *pro se*, the Court must liberally construe the *pro se* pleadings and hold them to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Plaintiff's Complaint fails to state a claim upon which relief can be granted.  The reasons why depend, in part, on whether Plaintiff is suing Defendant in his official or individual capacity. It is not entirely clear in what capacity Plaintiff seeks to sue Defendant, a Broward County Circuit Court Judge.  The Complaint does not specify if Plaintiff is seeking to sue Defendant in his official capacity as a Broward County Circuit Court Judge or in his individual capacity.  Regardless, Plaintiff's Complaint must be dismissed.  To the extent he sues Defendant in his official capacity, his claims are barred by sovereign immunity and the fact that Defendant is not a "person" under 42. U.S.C. § 1983.  To the extent he sues Defendant in his individual capacity, his claims are barred

by judicial immunity and the text of § 1983.  And, regardless, his claims are barred by the *Rooker-Feldman* doctrine.

When the complaint does not "clearly specify whether officials are sued personally, in their official capacity, or both[,] '[t]he course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (quoting *Brandon v. Holt*, 469 U.S. 464, 469 (1985)).  Here, Plaintiff appears to be suing Defendant in his official capacity because the relief Plaintiff seeks is for the Court to "get involved" and "see the errors" in his state child-custody case.  [DE 1] at 2.  In other words, as discussed further below, Plaintiff seeks to have this Court correct what he sees as errors by the state court and somehow compel the state court to grant or enforce the "original order" giving him custody of his children. *See id.*  He does not profess to seek monetary damages against Defendant personally. *Id.*  Under these circumstances, Plaintiff appears to sue Defendant in his official capacity. *See Graham*, 473 U.S. at 165 (explaining that "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law[,]" whereas "[o]fficial-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent") (internal citations omitted); *see also Shean v. Garcia*, No. 3:20-cv-750-MMH-PDB, 2021 WL 2403936, * 4–5 (M.D. Fla. Apr. 15, 2021), *report and recommendation adopted*, 2021 WL 1811772 (M.D. Fla. May 6, 2021).

If Plaintiff is attempting to sue Defendant in his official capacity, Plaintiff's claims are barred by sovereign immunity.  The Eleventh Amendment bars "suits against a state initiated by that state's own citizens." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999).  This immunity extends to state agencies and other arms of the state. *Cassady v. Hall*, 892 F.3d 1150, 1153 (11th Cir. 2018).  Although "a state can consent to suit in federal court . . . .[,]"

Florida has not waived its sovereign immunity with regard to § 1983 actions." *Cichowski v. Totten*, No. 24-10195, 2024 WL 2182487, at *2 (11th Cir. May 15, 2024) (citation omitted).  Nor has Congress abrogated "the states' Eleventh Amendment immunity from § 1983 suits." *Id.*

A Florida state-court judge in his official capacity is an arm of the State of Florida.  *See Badillo v. Thorpe*, 158 F. App'x 208, 213 (11th Cir. 2005) (finding Florida state-court judge is an arm "of the state for Eleventh Amendment purposes and therefore enjoy immunity from liability on [Plaintiff's] § 1983 claims, both legal and equitable"); *Kaimowitz v. The Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against state courts and state bars."); *Coker v. Warren*, 660 F. Supp. 3d 1308, 1327 (M.D. Fla. 2023) ("In Florida, the state court system, and therefore a state court judge acting in his official capacity, are considered arms of the State of Florida.").

There is an exception to Eleventh Amendment sovereign immunity when a plaintiff brings a suit seeking "prospective equitable relief to end ongoing and continuing violations of federal law." *Summit Med. Assocs.*, 180 F.3d at 1336.  This is known as the *Ex parte Young* doctrine.  But the doctrine does not include or permit judgments against state officers that declare that the state officers violated federal law in the past or permit a plaintiff to adjudicate the legality of past conduct.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). That is what Plaintiff seeks to do here.  Plaintiff alleges that Defendant violated Plaintiff's and his children's right to due process.  [DE 1] at 4.  The allegations within the Complaint are that Defendant entered an order enforcing an out of state order granting Plaintiff custody of his children.  *Id.* at 2–3.  Then two weeks later, Defendant entered another injunction – this time

unfavorable to Plaintiff – which resulted in Plaintiff losing custody of his children. *Id.* at 2–4.[1] Plaintiff alleges that this second injunction was wrong. *Id.* at 3–4. In other words, Plaintiff is alleging that Defendant's action in the past violated Plaintiff's due process. Therefore, Plaintiff is not seeking prospective equitable relief to end ongoing and continuing violations of federal law, and the *Ex parte Young* doctrine does not apply here. *See Higdon v. Tusan*, 746 F. App'x 805, 809–10 (11th Cir. 2018) (holding claims against state judges seeking entry of an order overturning state-court orders or declaring that the state court violated federal law in the past were barred by Eleventh Amendment).

Additionally, a plaintiff cannot use a § 1983 claim as a device to review a state court judgment. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) ("We reject, from the outset, the use of § 1983 as a device for collateral review of state court judgments."). And "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) ("Courts are not persons within the meaning of 42 U.S.C. § 1983 . . . ."); *Ippolito v. State of Fla.*, 824 F. Supp. 1562, 1572 (M.D. Fla. 1993) ("[I]t is important to note that a state court is not a 'person' within the meaning of 42 U.S.C. § 1983."). Consequently, if Plaintiff is bringing a § 1983 suit against Defendant in his official capacity as a Broward County Circuit Judge then dismissal of Plaintiff's § 1983 is warranted. *See Shean,* 2021 WL 2403936, at *5.

Even if Plaintiff is attempting to sue Defendant in his individual capacity (and seeking money damages), Plaintiff's claims are barred by the doctrine of judicial immunity. It is well-established that judges are entitled to absolute judicial immunity from damages for acts taken in

---

[1] Plaintiff uses the term "D.V. Injunction" in his facts and makes references to safety. *Id.* at 3. The Court presumes Plaintiff is referring to a domestic violence injunction, but this is purely speculation as Plaintiff's facts are not clear as to what occurred.

their judicial capacity unless they act in the absence of all jurisdiction. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity[.]"). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Plaintiff's allegations all pertain to Defendant exercising his duties as a Broward County Circuit Court Judge. Plaintiff's generalized dissatisfaction with Defendant's order regarding child custody will not serve to circumvent the doctrine of judicial immunity. Thus, Plaintiff fails to plausibly allege that Defendant acted in the "clear absence of all jurisdiction," and the doctrine of judicial immunity applies. *See Stump*, 435 U.S. at 356–57.

Furthermore, to the extent Plaintiff believes he is seeking injunctive relief against Defendant, the plain text of § 1983 bars his suit. The statute states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ***except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.***

42 U.S.C. § 1983 (emphasis added). Plaintiff makes no allegations regarding a violation of a declaratory decree or the availability of declaratory relief.[2]

---

[2] Moreover, Plaintiff has not sufficiently alleged a §1983 claim for a federal due process violation. "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3)

Finally, the *Rooker-Feldman* doctrine bars Plaintiff's claim against Defendant. Under this doctrine, "federal district courts lack jurisdiction to adjudicate the validity of a state court order." *Thurman v. Jud. Correction Servs., Inc.*, 760 F. App'x 733, 736 (11th Cir. 2019). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In such cases, the district court lacks subject matter jurisdiction because 28 U.S.C. § 1257 vests authority to review a state court's judgment solely with the Supreme Court. *Id.* at 291–92.

It is true that *Rooker-Feldman* does not strip a district court of subject matter jurisdiction over a claim "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. But, *Rooker-Feldman* does not prioritize form over substance; rather, it bars all appeals of state court judgments, brought in federal district court, regardless of how a plaintiff labels his complaint. *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021); *see also May v. Morgan Cnty. Georgia*, 878 F.3d 1001, 1005 (11th Cir. 2017) ("[A] state court loser cannot avoid *Rooker-Feldman's* bar by cleverly cloaking her pleadings in the cloth of a different claim.").

When reviewing if *Rooker-Feldman* applies, "[t]he question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether resolution of each

---

constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Even if Plaintiff had alleged sufficient facts showing that the state court proceedings deprived him of due process, Plaintiff has failed to show that the state did not make available a means to remedy the deprivation. *See Laskar v. Peterson*, 771 F.3d 1291, 1300 (11th Cir. 2014); *Carcamo v. Miami-Dade County*, 375 F.3d 1104, 1105 (11th Cir. 2004). If Plaintiff is seeking a modification or reversal of a domestic violence injunction, a Florida appellate court can provide the necessary relief to remedy any deprivation. *See Chizh v. Chizh*, 199 So. 3d 1050, 1051 (Fla. 4th DCA 2016).

individual claim requires review and rejection of a state court judgment." *Behr*, 8 F.4th at 1213. In this case, Plaintiff brings a § 1983 claim against Defendant and asks this Court to "get involved," and wants his "original order granted in [Florida]." [DE 1] at 2. Thus, to resolve Plaintiff's § 1983 claim, this Court would have to review and reject Defendant's prior order regarding Plaintiff's custody of his children. *Rooker-Feldman* prohibits such a review.

Therefore, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice** and that all pending motions be **denied as moot**.[3]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[4] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds

---

[3] "Our cases make clear that 'a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)) (alteration in original).

[4] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge.  Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . .  A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 28h day of July 2025.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge