UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61151-CIV-SINGHAL

JAMES BARTOLO DUMAN,

        Plaintiff,

vs.

CHRISTOPHER WIGAND,

        Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Proceed *in Forma Pauperis* (DE [3]) and the Magistrate Judge's Report and Recommendation (DE [5]) recommending that the case be dismissed. Plaintiff had until August 11, 2025, to file objections to the Report and Recommendation. He did not file objections.

Notwithstanding the lack of objection, the Court has conducted a *de novo* review of Plaintiff's Complaint, the Report and Recommendation, and the relevant case law. The Court concludes that the Magistrate Judge's recommendation is correct, and the case should be dismissed.

Plaintiff seeks to proceed *in forma pauperis.* Title 28 U.S.C. § 1915 "grants broad discretion to the district courts in the management of *in forma pauperis* cases…. Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit." *Gates v. Miami Police Dep't,* 2008 WL 4710751, at *3 (M.D. Fla. Oct. 23, 2008) (citing *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984)).  Thus, under § 1915(e)(2), a court is required to dismiss an *in forma pauperis* action at any time it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted,"

or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i, ii, and iii). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).  A court may dismiss a complaint for frivolity under § 1915(e) when the legal claim is "indisputably meritless, the facts are far-fetched or baseless, or both."  *Cofield v. Ala. Public Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Sun v. Forrester*, 939 F.2d 924 (11th Cir. 1991).

Plaintiff seeks relief that this Court cannot grant. Plaintiff sues Defendant, Christopher Wigand, who is a circuit court judge in Broward County, Florida. Plaintiff's Complaint raises issue with a child custody order entered by the state court. Plaintiff's Complaint fails for two reasons. First, the Defendant has judicial immunity for judicial acts. *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000). Second, this Court cannot conduct an appellate review of a state court judgment and, therefore, the Court cannot grant Plaintiff the request he seeks. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Plaintiff's Complaint, therefore, fails to state a claim for which relief can be granted and must be dismissed. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Report and Recommendation of the Magistrate Judge (DE [5]) is **APPROVED AND ADOPTED.** Plaintiff's Complaint is **DISMISSED.** The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions**.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of August 2025.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copy furnished Plaintiff, *pro se,* via
US Mail

2